```
IN THE UNITED STATES DISTRICT COURT
    DISTRICT OF SOUTH CAROLINA
       SPARTANBURG DIVISION
```

| | | |
|---|---|---|
| Ernest Lee Rogers, Jr., | ) | Cr. No. 7:02-325-MBS |
| Movant, | ) | |
| v. | ) | **OPINION AND ORDER** |
| United States of America, | ) | |
| Respondent. | ) | |

Movant Ernest Lee Rogers, Jr. is an inmate in custody of the Bureau of Prisons. He seeks to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

## I. BACKGROUND

On March 27, 2002, a federal grand jury returned a three-count indictment, charging Movant with carjacking, in violation of 18 U.S.C. §§ 2, 2119 (Count 1); use of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii) (Count 2); and conspiracy to use a firearm during a crime of violence, in violation of 18 U.S.C. § 924(o) (Count 3). On September 25, 2002, a jury convicted Movant of all three counts. ECF No. 59.

A presentence investigation report (PSR) was prepared by the United States Probation Office (USPO). The PSR noted that, among other offenses, Movant has state court convictions for strong armed robbery and burglary. Movant's criminal history score was eighteen, to which two points were added because Movant committed the underlying federal offenses less than two years following his release from custody of the South Carolina Department of Corrections for a sentence imposed for possession of a stolen vehicle. A criminal history score of twenty results in a criminal history category of VI; and, Movant's criminal history category was deemed to be VI

because he has two prior felony convictions involving a crime of violence. *See* U.S.S.G. § 4B1.1.

The PSR advised that when one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts, the two counts shall be grouped together into a single group. *See* U.S.S.G. § 3D1.2(c). The PSR explained that because conspiring to brandish a firearm during a crime of violence is a specific offense characteristic of the carjacking, the two counts would be grouped together. Under U.S.S.G. § 3D1.3(a), in the case of counts grouped together pursuant to U.S.S.G. § 3D1.2(a)-(c), the offense level applicable to a group is the offense level used for the most serious of the counts comprising the group, determined in accordance with Chapter 2 and Parts A, B, and C of Chapter 3.

Under the statutory provisions, the maximum term of imprisonment for Count One is fifteen years. 18 U.S.C. § 2119. The maximum term of imprisonment for Count Two is seven years, to run consecutively to any other sentence imposed. 18 U.S.C. § 924(c)(1). The maximum term of imprisonment for Count Three is twenty years. 18 U.S.C. § 924(o). Application of the career offender enhancement under the Sentencing Guidelines caused Movant's base offense level to increase from 23 to 29, and, with a criminal history category of VI, Movant's guidelines range for imprisonment was 151 to 188 months. The PSR advised that with respect to Count Two, the Sentencing Guidelines defer to the statutory requirement, which is a seven-year consecutive sentence.

On November 25, 2002, the court sentenced Movant to incarceration for a period of 272 months, which consisted of 188 months as to Count One and Three, to be served concurrently, and seven years as to Count Two, to run consecutive to the terms imposed in Counts One and

Three. The court also sentenced Movant to five years' supervised release. The court entered judgment on November 26, 2002, ECF No. 66, and the Court of Appeals for the Fourth Circuit affirmed. *United States v. Rogers*, 67 Fed. Appx. 830 (4th Cir. 2003). Movant subsequently initiated 28 U.S.C. § 2255 proceedings and filed motions to dismiss the indictment, to inspect the list of grand juror names and to dismiss for selective prosecution or, in the alternative, convene a federal grand jury and disclose grand jury transcripts, which the court denied. Movant appealed the decision, and the Fourth Circuit dismissed the appeal. *United States v. Rogers*, 441 Fed. Appx. 153 (4th Cir. 2011).

Upon authorization by the Fourth Circuit, ECF No. 125, Movant filed a successive § 2255 motion on June 27, 2016. ECF No. 126. In the motion, Movant seeks the benefit of *Johnson v. United States*, 576 U.S. ----, 135 S. Ct. 2551 (2015), in which the Supreme Court held that the "residual clause" of the Armed Career Criminal Act is unconstitutionally vague.[1] He argues that *Johnson* applies with equal force to the United States Sentencing Guidelines under which he was sentenced, and that neither of his prior convictions for robbery or burglary qualify as a predicate offense under the "residual clause" of U.S.S.G. § 4B1.2(a)(2).

On July 8, 2016, the Government filed a motion to stay the matter pending a ruling in *Beckles v. United States*, 580 U.S. ----, 137 S. Ct. 886, 890 (2017). ECF No. 128. The court granted the motion and stayed briefing on the § 2255 motion. ECF No. 129. On May 15, 2017, Movant filed a supplemental motion to vacate or correct pursuant to 28 U.S.C. § 2255. ECF No. 131. The Supreme Court issued a decision in *Beckles* on March 6, 2017; however, on August 16, 2017, the court issued an order advising the parties that it would maintain the stay pending a

---

[1] The Supreme Court made *Johnson* retroactive on collateral review in *Welch v. United States*, 136 S. Ct. 1257 (2016).

3

decision by the Fourth Circuit in *United States v. Brown*, 868 F.3d 297, 302 (4th Cir. 2017).

ECF No. 132. The Fourth Circuit issued a decision in *Brown* on August 21, 2017, and this court lifted the stay on January 29, 2018. ECF No. 133. On February 28, 2018, the Government filed a combined response to the § 2255 motion and a motion for summary judgment and memorandum in support thereof. ECF Nos. 135, 136. On March 8, 2018, Movant filed an unopposed motion asking the court to stay the matter pending the filing and resolution of a petition for writ of certiorari in *Brown*.[2] ECF No. 137. On October 15, 2018, the Supreme Court denied the petition for writ of certiorari. *Brown v. United States*, --- S. Ct. ----, 2018 WL 2877128 (Oct. 15, 2018). The court thereafter denied Movant's motion to stay, and ordered him to submit additional information, if he chose, within ten days. ECF No. 139. For the reasons discussed below, the motion for summary judgment is granted and the § 2255 motion is denied.

## II. DISCUSSION

**A. Legal Standard**

A federal prisoner in custody may challenge the fact or length of his detention by filing a motion pursuant to 28 U.S.C. § 2255. To receive relief under § 2255, a movant is required to prove by a preponderance of the evidence that his sentence was imposed in violation of the Constitution or laws of the United States; or that the court was without jurisdiction to impose such sentence; or that the sentence was in excess of the maximum authorized by law; or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). If this showing is made, the court must "vacate and set the judgment aside" and "discharge the prisoner or resentence him or grant a new trial to correct the sentence as may appear appropriate." *Id.* at § 2255(b). If, on the other

---

[2] On August 16, 2018, Movant submitted a letter to the court reasserting the contention that his prior convictions do not qualify as a predicate offense under the residual clause. ECF No. 138.

4

hand, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the court may summarily deny the petition without holding a hearing. 28 U.S.C. § 2255(b) (providing that a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief); *see* Rule 4(b), Rules Governing Section 2255 Proceedings. Generally, when a movant attacks his sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. *See United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)); *United States v. Maybeck*, 23 F.3d 888, 891-92 (4th Cir. 1994).

A movant must file a § 2255 motion one year from the latest of: 1) the date on which a judgment of conviction becomes final; 2) the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the defendant was prevented from making a motion by such governmental action; 3) the date on which a right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). A judgment of conviction becomes final when the time for seeking review expires. *Clay v. United States*, 537 U.S. 522, 525 (2003).

**B.	Analysis**

Movant seeks a correction of his sentence on the basis that the Supreme Court has newly recognized a right and made that right retroactively applicable to cases on collateral review. In *Johnson*, the Supreme Court addressed the Armed Career Criminal Act of 1984 (ACCA), which mandates an enhanced sentence for an offender convicted of being a felon in possession of a firearm if the offender has three or more convictions for a serious drug offense or violent felony. Under 18 U.S.C. § 924(e)(2)(B), the term "violent felony" means:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

In *Johnson*, the Court determined that the language "or otherwise involves conduct that presents a serious potential risk of physical injury to another," known as the residual clause, is unconstitutionally vague.

Movant received an enhanced sentence not under the ACCA, but under the United States Sentencing Guidelines, which define a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year that—
>
> (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. §4B1.2(a). As with the ACCA, the clause in this definition beginning with "or otherwise" is known as the residual clause.

6

In *Beckles*, the defendant argued that his conviction for unlawful possession of a firearm fell under the residual clause of § 4B1.2(a), and that the Guidelines' residual clause was unconstitutionally vague under *Johnson*. The Court found, however, that:

> the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

*Beckles*, 137 S. Ct. at 893.

The *Beckles* court repeatedly distinguished between the advisory nature of the Sentencing Guidelines subsequent to *United States v. Booker*, 543 U.S. 220 (2005), and the mandatory nature of the Guidelines prior to *Booker*, and declined to address the question of whether pre-*Booker* sentences can be challenged as unconstitutionally vague. *Beckles*, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring).

Movant was sentenced in 2002 pursuant to the mandatory guidelines scheme pre-*Booker*. At the time Movant filed his § 2255 motion, the question was whether a result different from *Beckles* appertains when *Johnson* is applied to the pre-*Booker* sentencing guidelines. However, since the filing of the § 2255 motion, the Fourth Circuit has addressed this question. In *United States v. Brown*, the Fourth Circuit observed that the Supreme Court's ruling in *Beckles* foreclosed the defendant's argument that *Johnson* "explicitly invalidated all residual clauses with wording similar to [the] ACCA's invalidated residual clause." 868 F.3d 297, 300 (4th Cir. 2017), *cert. denied*, 139 S. Ct. 14 (2018).[3] The Fourth Circuit determined that the right

---

[3] In dissenting from the denial of certiorari, Justice Sotomayor, with whom Justice Ginsburg joined, noted that the issue raised in *Brown* has left the Courts of Appeals divided, with three courts holding that *Johnson* does not apply to § 4B1.2(a)(2) and one court holding that it does.

7

recognized in *Johnson* and made retroactive by *Welch* applied only to the ACCA's residual clause. The Fourth Circuit explained:

> *Johnson* only recognized that [the] ACCA's residual clause was unconstitutionally vague[;] it did not touch upon the residual clause at issue here. Likewise, *Beckles* only recognized that the advisory Sentencing Guidelines are not amenable to vagueness challenges. In a future case, the Supreme Court may agree with an argument similar to [Brown's] that because the challenged residual clause looks like [the] ACCA and operates like [the] ACCA, it is void for vagueness like [the] ACCA.

*Brown*, 868 F.3d at 303 (internal citations omitted).

Movant was sentenced under § 4B1.2(a)(2), not the ACCA. Accordingly, the court is constrained by the holdings in *Beckles* and *Brown* to conclude that Movant's § 2255 claim under *Johnson* is without merit.

### III.    CONCLUSION

For these reasons, the Motion to Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 126, and supplemental motion, ECF No. 131, are **DENIED**. The Motion for Summary Judgment, ECF No. 136, is **GRANTED**.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Movant has not made the requisite showing.

**IT IS SO ORDERED.**

/s/Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
March 6, 2019